United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Christopher Hughes, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-24340-Civ-Scola |
| Zuuk Downtown Dadeland LLC | ) |
| d/b/a Zuuk Mediterranean Kitchen, | ) |
| and others, Defendants. | ) |

## Order Requiring Discovery And Scheduling Conference, Order Requiring Verified Statement In ADA Case, And Order Referring Non-Dispositive Pretrial And Discovery Matters To The Magistrate Judge

This matter is before the Court upon an independent review of the record. It is **ordered and adjudged** as follows:

1. The Complaint alleges violations by the Defendant of the Americans with Disabilities Act. In order to assist the Court in the management of the case, the Plaintiff must file a verified statement of particulars **no later than 21 days from date of this Order, inclusive of mailing days**. The verified statement of particulars must address the following issues:

   a. Has the Defendant or the Defendant's property ever been the subject of a lawsuit for any violations of the ADA, whether the same, similar, or otherwise? In responding to these questions, the Plaintiff is required to conduct a diligent search of case filings on ECF or in the records of the Clerk of the United States District Court for the Southern District of Florida.

   b. If there has been a prior lawsuit, or lawsuits, of the nature described above, Plaintiff's counsel must state the case name and case number of the prior lawsuit(s). Plaintiff's counsel must also state the present status of that litigation (*e.g.*, pending, closed, etc.). If a case is no longer pending, counsel must indicate the nature of the disposition (*e.g.*, settlement, dismissal, etc.).

   c. If there was such litigation and it was disposed of by settlement, counsel must furnish to the Court specific details of the settlement, including any agreement for attorney's fees and costs, either known to counsel or ascertainable by him or her with reasonable inquiry. Counsel must also inform the Court of whether the Defendant has complied with any such settlement agreement and if not, what actions Defendant must take to comply.

    d. Regardless of whether the prior litigation was resolved by settlement, Plaintiff's counsel must indicate whether the Defendant in the prior litigation has made any of the necessary repairs to the property to try to bring it into compliance with the ADA. Counsel must include the current status of any such required repairs and state whether any repairs remain to be performed.

    e. What are the specific date(s) and time(s) that the Plaintiff visited the facility or property at issue in this lawsuit?

    f. What are the specific areas of the subject property that Plaintiff visited? If Plaintiff visited "all" areas of the property, then you must set forth each such area separately and specifically.

    g. Specifically list each of the barriers that Plaintiff personally observed, encountered, or experienced at this facility.

2. Within 14 days of the filing of a response to the complaint by a Defendant in this matter, the parties must meet and confer regarding discovery and scheduling issues, as set out in Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b).

3. Within seven days of the parties' discovery and scheduling conference, the parties must file a joint discovery plan and conference report, as set forth in Federal Rule of Civil Procedure 26(f)(3) and Local Rule 16.1(b)(2).

4. **The parties are ordered to disregard the requirements of Local Rule 16.1 and Federal Rule of Civil Procedure 26(f)(3)(B) regarding any proposed deadlines or dates certain**. Instead, it is the Court's practice to set ADA cases on an expedited case track. This expedited case track requires the parties to complete discovery approximately three and a half months from of the date of the Court's Scheduling Order, and provides for a trial date approximately eight months from of the date of the Court's Scheduling Order. The Court's expedited case track is set forth in Attachment "A" to this Order. If the parties believe that this case is uniquely complex and requires more time the parties must set out the reasons justifying a more protracted schedule along with a proposed schedule of trial and pretrial deadlines. The proposed schedule must be submitted in substantially the same format as the schedule presented in the Attachment to this Order with all proposed date or event deviations *italicized*. Regardless of any proposed changes, the dispositive motions deadline must be set no later than four months before the commencement of the proposed trial period and no sooner than two weeks after the close of all fact discovery. **Should any aspect of the proposed schedule fail to comply with the directions in this paragraph, the Court may unilaterally set the case on the expedited track**.

5. <u>Magistrate Judge Referral</u>. By virtue of 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the Court **refers** all non-dispositive pretrial and discovery motions in this case to United States Magistrate Judge Edwin G. Torres to take all necessary and proper action as required by law, as well as any pretrial or post-trial motions related to attorneys' fees, costs, or sanctions.

6. <u>Settlement Conference Before Magistrate Judge</u>. The parties may, at any time, file a motion requesting a settlement conference before Judge Torres. The Court encourages the parties to consider a confidential settlement conference with Judge Torres, especially if the parties believe there is a meaningful chance of reaching an early, amicable resolution of their dispute.

7. <u>Discovery Motion Procedures</u>. Judge Torres will enter a separate order regarding his discovery procedures.

**Done and ordered** at Miami, Florida, on December 1, 2017.

Robert N. Scola, Jr.
United States District Judge

**Attachment "A" to the Order Requiring<br>Discovery and Scheduling Conference**

**Example Scheduling Timeline For Expedited Track Cases**

| weeks after entry of the scheduling order | |
|---|---|
| 4 weeks | Deadline to join additional parties or to amend pleadings. |
| 9 weeks | Deadline to file joint interim status report.<br><br>Deadline to file Proposed Order Scheduling Mediation, setting forth the name of the mediator, and the date, time, and location of the mediation, consistent with the Order of Referral to Mediation (which immediately follows this scheduling order). |
| 14 weeks | Deadline to complete all fact discovery.<br><br>Deadline to submit joint notice indicating whether the parties consent to jurisdiction before the designated magistrate judge for purposes of final disposition.<br><br>Deadline to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). Rebuttal disclosures are permitted, and must conform to the deadline set forth in Federal Rule of Civil Procedure 26(a)(2)(D)(ii). |
| 16 weeks | Deadline for the filing of all dispositive motions. |
| 18 weeks | Deadline to complete mediation, consistent with the Order of Referral to Mediation (which immediately follows this scheduling order). |
| 21 weeks | Deadline to complete all expert discovery. |
| 8 weeks BEFORE calendar call | Deadline for the filing of pretrial motions, including motions in limine and *Daubert* motions. |
| 4 weeks BEFORE the trial date | Deadline to file joint pretrial stipulation pursuant to Local Rule 16.1(e) and pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3). |
| 2 weeks BEFORE the trial date | Deadline to file proposed jury instructions (if the matter is set for a jury trial) or proposed findings of fact and conclusions of law (if the matter is set for a bench trial) pursuant to Local Rule 16.1(k). |
| 33 weeks (approximate) | Two-week trial period commences (calendar call will be scheduled on the Tuesday before the trial period) |